UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

**AIRWAY AIR CHARTER, INC.**

        **Debtor.**

_____/

CASE NO.: 24-16200-RAM
CHAPTER 11

*Subchapter V Election*

*Emergency Hearing Requested on or before Tuesday, July 2, 2024*

**EMERGENCY MOTION FOR AUTHORITY
TO USE CASH COLLATERAL AND
REQUEST FOR EMERGENCY PRELIMINARY HEARING**
*(Emergency Hearing Requested)*
(*Re: Signature Bank of Georgia and Creditors Retaining Inferior Interests*)

*Basis for Emergency Relief*: Airway Air Charter, Inc. requests the emergency relief requested herein - on or before July 2, 2024 when payroll is due - to ensure continuity of its business and avoidance of disruptions to its operations during the early stages of this case. Without the emergency relief requested herein, Debtor will be unable to utilize its funds for operations which would cause critical and irreparable damage to the Debtor's operation at a critical juncture of this case. Debtor submits that it has exercised appropriate diligence in bringing this matter to the Court's attention and resolution of this matter prior to filing a request for emergency relief was not available.

**AIRWAY AIR CHARTER, INC.** ("**Airway**" or "**Debtor**") by and through its undersigned counsel, and pursuant to 11 U.S.C. §§ 363(c)(2) and 363(e), Federal Rules of Bankruptcy Procedure 4001(b)(2) and 4001(c), and Local Rule 2081-1(g)(1), hereby moves for authority to use cash collateral on an interim basis and to provide adequate protection to **SIGNATURE BANK OF GEORGIA** ("Signature")[1] which entity (along with the U.S. Small Business Administration and TD Bank, N.A.) may hold a security interest in the Debtor's cash

---

[1] Debtor's inclusion or reference to any creditors in this Motion is in no way an admission that such creditor has a properly perfected security interest in the Debtors' property or allowed claim. Debtor specifically reserves its right to contest the validity of any alleged claim or security interest held by a creditor in this case. In fact, Debtor files this motion in an abundance of caution as it does not appear as though any secured creditor identified herein has a lien on Debtor's cash or cash equivalents.

1

and/or cash equivalents, and to the extent necessary, the holders of inferior position security interests (SBA and TD Bank, N.A.) in the Debtor's cash, accounts and cash equivalents (the "**Inferior Interests**" and collectively with the Signature the "**Secured Creditors**"), and requests an emergency hearing on the relief sought **on or before Tuesday, July 2, 2024**.[2] In support of this motion, Debtor states as follows:

## Summary of Relief Requested

1. ***Emergency Relief Requested***. Debtor requests that the Court authorize its continued use of cash collateral notwithstanding any liens of the Secured Creditors (as defined herein) as of the Petition Date. Debtor requests authority to use cash to fund ordinary business operations and necessary expenses in accordance with a cash budget attached hereto as **Exhibit "A"**.

2. ***Basis for Urgency***. This motion must be considered on an expedited basis as the Debtor's business operations and reorganization efforts will suffer immediate and irreparable harm if it is not permitted to use cash collateral. To stay in business and maximize the value of its bankruptcy estate, Debtor must be able to pay payroll and other ordinary expenses, which expenses include payroll and trade vendor invoices, which are necessary to its continued operations.

3. ***Notice***. This motion has been served on (i) all parties consenting to electronic service via the Court's CM/ECF system, (ii) the Office of the United States Trustee via email (if known), fax, and overnight mail, (iii) the 20 largest creditors, the Secured Creditors via email (if known), via fax (if known), or via FedEx Overnight Mail. Prior to any hearing on the instant motion, undersigned counsel for the Debtor will endeavor to confer with the Office of the United States Trustee and the Secured Creditors regarding the relief requested herein.

4. ***Suggested Hearing Date***. Debtors request a hearing date **on or before Tuesday, July 2, 2024.** The date is requested because the Debtor is in constant need to pay its operating

---

[2] Debtor's counsel is unavailable for hearing on or before June 27, 2024 (see Doc. No. 3).

expenses (including payroll) to ensure its business generates the maximum amount of potential revenue.

5. **Supporting Argument.** Debtors supports this motion as set forth below.

## Background

6. On June 21, 2024 (the "Petition Date"), Debtor filed its voluntary petition for relief under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code") and elected to pursue relief under the provisions of Subchapter V. Debtor continues to manage and operate its business as a debtor-in-possession in accordance with the Bankruptcy Code.

7. As more particularly set forth in the Debtor's Case Management Summary, Debtor provides private charter flight services throughout the East Coast and the Caribbean.

8. Prior to the Petition Date, Debtor obtained financing from Signature, the SBA, and TD Bank which obligations may be secured by substantially all of the accounts and receivables of Airway, including cash and cash equivalents. Signature may assert first priority security interest in the Debtor's cash and cash equivalents by virtue of a security agreement and UCC-1 Financing Statement filed with the State of Florida on May 2, 2019. The outstanding balance owed to the Signature is approximately $1,068,296.96, which amount may be subject to dispute.

9. The Inferior Interests of TD Bank and the SBA may claim inferior interests in the Debtor's cash and cash equivalents by virtue of alleged liens on the Debtor's personal property and UCC-1 Financing Statements filed with the State of Florida on May 2, 2020 and September 22, 2022. Debtor believes the Inferior Interests may be wholly unsecured due to the outstanding amounts owed to the senior secured lender with a superior interest in the Debtor's property, or due to disputes over the basis for such creditors' respective alleged security interests.

10. The cash collateral Debtor seeks to use is comprised of cash on hand and funds to be received during normal operations which may be encumbered by the liens of the Secured Creditors (the "**Cash Collateral**").

11.     On an emergency basis, the Debtor will require an amount to use of at least $661,766.64 to satisfy its operating expenditures including payroll which is scheduled to be paid in the ordinary course of business on July 2, 2024.

## Relief Requested

12.     Debtor will require the use of its Cash Collateral to continue to operate its business for the next eight (8) weeks, and, depending on the month, a greater or lesser amount will be required each comparable period thereafter. Debtor will use the Cash Collateral to make payroll, pay suppliers and vendors, and pay other ordinary course expenses to maintain its business, which may be subject to the liens of the Secured Creditors.

13.     A Budget reflecting the estimated income and expenses for the Debtor's business over the next eight (8) weeks is attached hereto as **Exhibit "A"**.

14.     As adequate protection for the use of Cash Collateral, Debtor proposes to grant the Secured Creditors a replacement lien on its post-petition Cash Collateral to the same extent, priority and validity as their pre-petition liens. As demonstrated by the Budget, Debtor will continue to operate on a positive cash flow basis during the interim eight-week period. As such, all interests on Cash Collateral are adequately protected by replacement liens and the proposed adequate protection is fair and reasonable and sufficient to satisfy any diminution in value of the Secured Creditors' prepetition collateral.

15.     In the event Airway is not permitted to use Cash Collateral, it may be forced to halt operations altogether, creating an adverse effect on creditors, and will likely eliminate the total value of assets pledged as collateral. Thus, Debtor believes the protections outlined herein are fair and reasonable under the circumstances and will be sufficient to protect the interests of the Secured Creditors' collateral from a diminution in value during the period of use by the Debtor. Accordingly, under the circumstances of this Chapter 11 case, granting the relief requested in the Motion is warranted.

16. A copy of the proposed order outlined the terms and conditions on which Debtor's seeks to use the Cash Collateral is attached hereto as **Exhibit "B"**.

17. As of the date of this Motion, Debtor's undersigned counsel has been unable to confer with counsel for the Secured Creditors regarding the relief requested but will endeavor to obtain the Secured Creditors' consent to such relief prior to any hearing on the Motion. In addition, Debtor's undersigned counsel will endeavor to confer with the Office of the United States Trustee regarding the relief requested herein.

**WHEREFORE**, Debtor respectfully requests the Court: (i) set an emergency preliminary hearing to consider this Motion on or before Tuesday, July 2, 2024; (ii) grant Debtor authorization to use the Cash Collateral notwithstanding any liens on its cash or cash equivalents on an interim basis as of the Petition Date; and (iii) approve of the form and manner of providing adequate protection to the Secured Creditors during the interim period; and (iv) grant such other and further relief as is just and proper.

**RESPECTFULLY SUBMITTED** this 24th day of June 2024.

/s/ Daniel A. Velasquez
Daniel A. Velasquez, Esq.
Florida Bar No. 0098158
dvelasquez@lathamluna.com
**Latham, Luna, Eden & Beaudine, LLP**
201 S. Orange Ave., Suite 1400
Orlando, Florida 32801
Telephone: 407-481-5800
Facsimile:  407-481-5801
*Attorney for Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**In re:**

**AIRWAY AIR CHARTER, INC.**

**CASE NO.: 24-16200-RAM**
**CHAPTER 11**

*Subchapter V Election*

      **Debtor.**
_____/

**CERTIFICATE OF SERVICE**

     **I HEREBY CERTIFY** that a true copy of the **EMERGENCY MOTION FOR AUTHORITY TO USE CASH COLLATERAL AND REQUEST FOR EMERGENCY PRELIMINARY HEARING**, together with all exhibits, **Airway Air Charter, Inc. and Noble Jet Holdings, LLC,** c/o Jonathan Jackson, 14950 NW 44th Court, Suite 16, Opa Locka, Florida 33054; all parties entitled to receive electronic noticing via CM/ECF; **Signature Bank of Georgia**, c/o Lawanna Saxon (Registered Agent), 6065 Roswell Road, Suite 600, Sandy Springs, GA 30328 (via FedEx Overnight); **Signature Bank of Georgia**, c/o Charlie Brown (Chief Executive Officer), 6065 Roswell Road, Suite 600, Sandy Springs, GA 30328 (Via FedEx Overnight); **U.S. Small Business Administration, c/o Garrett Remick Lenox**, Paralegal Specialist, 200 W. Santa Ana Blvd., Suite 740, Santa Ana, CA 92701, garrett.lenox@sba.gov (via certified mail and email); **Attorney General of the United States of America, U.S. Department of Justice**, 950 Pennsylvania Avenue, NW, Washington D.C. 20530-0001, **U.S. Small Business Administration, c/o Civil Processing Clerk,** U.S. Attorney's Office, 99 NE 4th Street, Miami, Florida 33132 (via FedEx); **TD Bank, N.A.**, c/o US Corporation Company as Registered Agent, 1201 Hayes Street, Tallahassee, Florida 32301 (Via FedEx Overnight); TD Bank, N.A., c/o Bharat Masrani (Chief Executive Officer), Two Portland Square, Portland, ME 04112 (via FedEx Overnight); the twenty largest unsecured creditors as shown on the matrix attached to the original of this pleading filed with the Court; Subchapter V Trustee, Tarek Kiem, PO Box 541325, Greenacres, Florida 33454; and the **Office of the U.S. Trustee,** c/o Steven D. Schneiderman, 51 SW 1st Avenue, Suite 1204, Miami, Florida 33130, this 24th day of June, 2024.

                                                               /s/ Daniel A. Velasquez
                                                               Daniel A. Velasquez, Esq.

# EXHIBIT "A"

| AIRWAY AIR CHARTER, INC. | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Week Beginning: | 6/23/2024 | 6/30/2024 | 7/7/2024 | 7/14/2024 | 7/21/2024 | 7/28/2024 | 8/4/2024 | 8/11/2024 |
| **Income** | | | | | | | | |
| Beginning Cash | $54,908.17 | $119,900.63 | $125,651.06 | $108,322.95 | $91,549.35 | $143,350.18 | $213,003.02 | $148,357.95 |
| Income | $100,524.96 | $99,265.48 | $74,580.80 | $99,884.40 | $84,763.84 | $99,763.84 | $99,763.84 | $99,763.84 |
| | | | | | | | | |
| Total Cash Available | $155,433.13 | $219,166.11 | $200,231.86 | $208,207.35 | $176,313.19 | $243,114.02 | $312,766.86 | $248,121.79 |
| | | | | | | | | |
| **Expense** | | | | | | | | |
| Gen. Business Expenses | $9,600.00 | $6,074.00 | $36,000.00 | $6,000.00 | $6,000.00 | $6,000.00 | $36,000.00 | $6,000.00 |
| Insurance | | | $12,671.91 | | | | $12,671.91 | |
| Aircraft Fuel | $22,000.00 | $18,000.00 | $15,000.00 | $20,000.00 | $22,500.00 | $20,000.00 | $22,500.00 | $20,000.00 |
| Software Licenses | | $1,211.00 | $1,800.00 | $5,880.00 | $19.25 | $1,211.00 | $1,800.00 | $5,880.00 |
| Marketing | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 |
| Payroll | | $65,000.00 | | $65,000.00 | | | $65,000.00 | |
| Rent* | | | $21,100.00 | | | | $21,100.00 | |
| Storage | | $330.05 | $390.00 | | | | $390.00 | |
| Expense Reimbursements | | | | $13,678.00 | $500.00 | | | $13,678.00 |
| Taxes | $682.50 | | | | $682.50 | | | |
| Utilities (Phone and Power) | $250.00 | $1,900.00 | $443.00 | | $261.26 | $1,900.00 | $443.00 | $11.26 |
| Vehicles Expenses* | | | | $2,600.00 | | | | $2,600.00 |
| Parts and Supply Vendors | $2,000.00 | | $3,504.00 | $2,500.00 | $2,000.00 | | $3,504.00 | $2,500.00 |
| **TOTAL EXPENSES** | **$35,532.50** | **$93,515.05** | **$91,908.91** | **$116,658.00** | **$32,963.01** | **$30,111.00** | **$164,408.91** | **$51,669.26** |
| | | | | | | | | |
| Net Income | $64,992.46 | $5,750.43 | -$17,328.11 | -$16,773.60 | $51,800.83 | $69,652.84 | -$64,645.07 | $48,094.58 |
| | | | | | | | | |
| **END CASH BALANCE** | **$119,900.63** | **$125,651.06** | **$108,322.95** | **$91,549.35** | **$143,350.18** | **$213,003.02** | **$148,357.95** | **$196,452.53** |

*Rent: Includes rent payment for J. Jackson

*Vehicle Expenses: includes vehicle expenses for J.Jackson

# EXHIBIT "B"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

AIRWAY AIR CHARTER, INC.

CASE NO.: 24-16200-RAM
CHAPTER 11

*Subchapter V Election*

Debtor.

_____/

### FIRST INTERIM ORDER GRANTING DEBTOR'S EMERGENCY MOTION TO USE CASH COLLATERAL AND NOTICE OF CONTINUED HEARING
[Continued Hearing:  ]

**THIS CASE** came on for emergency preliminary hearing on_____, 2024 (the "Hearing") upon the *Emergency Motion to Use Cash Collateral*, filed by Airway Air Charter, Inc. (the "Debtor") on June __, 2024 (Doc. No. _____) (the "Motion").   Upon consideration of the Motion, the evidence presented, the arguments of counsel present at the Hearing, it is

**ORDERED:**

1. <u>Interim Authorization Granted</u>.  The Motion is granted on an interim basis as provided herein.

2. <u>Cash Collateral Authorization</u>. Subject to the provisions of this order, the Debtor is authorized to use cash collateral to pay: (a) amounts expressly authorized by this Court, including payments to the Subchapter V Trustee; (b) the current and necessary expenses set forth in the budget attached as **Exhibit A** attached to the Motion**,** plus an amount not to exceed ten (10) percent for each line item; and (c) such additional amounts as may be expressly approved in writing by the Secured Creditors.  This authorization will continue through_____, however, the parties may jointly agree to extend the authorization by submitting an agreed order reflecting such extension. Except as authorized in this order, the Debtor is prohibited from the use of cash collateral.

9

3. <u>Debtor Obligations</u>. The Debtor shall timely perform all obligations of a debtor-in-possession required by the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the orders of this Court.

4. <u>Replacement Lien</u>. Secured Creditors shall have a perfected post-petition lien against cash collateral to the same extent and with the same validity and priority as the prepetition lien, without the need to file or execute any documents as may otherwise be required under applicable non-bankruptcy law.

5. <u>Insurance</u>. The Debtor shall maintain insurance coverage for its property in accordance with the obligations under all applicable loan and security documents.

6. <u>Without Prejudice</u>. This Order is without prejudice to: (a) any subsequent request by a party-in-interest for modified adequate protection or restrictions on use of Cash Collateral; or (b) any other right or remedy which may be available.

7. <u>Enforcement</u>. The Court shall retain jurisdiction to enforce the terms of this Order.

Attorney Daniel A. Velasquez is directed to serve a copy of this order on interested parties and file a proof of service within three (3) days of entry of the order.