## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
### www.flmb.uscourts.gov

In re:

**AIRWAY AIR CHARTER, INC., et al.,**

     **Debtor.**

_____/

**CASE NO.: 24-16200-RAM**

**CHAPTER 11**
*Subchapter V Election*

*Jointly Administered[1]*

### EXPEDITED MOTION TO APPROVE COMPROMISE OF CONTROVERSY EFFECTIVE AS OF AUGUST 15, 2024 PURSUANT TO BANKRUPTCY RULE 9019
### (*Expedited Hearing Requested on August 15, 2024 at 10:30 a.m.*)

**AIRWAY AIR CHARTER, INC.** ("**Airway**") and **NOBLE JET HOLDINGS, LLC** ("**Noble**") (Airway and Noble are collectively referred to herein as the "Debtors" – where appropriate), move this Court on an expedited basis, pursuant to 11 U.S.C. §105(a) and Rule 9019 of the Federal Rules of Bankruptcy Procedure, for an Order approving the settlement and compromise reached between the Debtors and **RADLO FAMILY 2021 IRREVOCABLE TRUST** ("**Radlo**") effective as of August 15, 2024 (the Debtors and Radlo are collectively referred to herein as the "**Parties**" – where appropriate), which settlement resolves various matters between them as set forth in the Stipulation for Compromise and Settlement (the "**Compromise**" or "**Agreement**") attached hereto as **Exhibit "A"**.  In support of this motion, Debtors state as follows:

### Background

    1.    On June 21, 2024 (the "Petition Date"), Debtors filed their respective voluntary petitions to reorganize their financial affairs under Chapter 11 of the Bankruptcy Code, which cases are jointly administered at Case No. 24-16200-RAM (the "Bankruptcy Case") in the United States Bankruptcy Court for the Southern District of Florida, Miami Division (the "Bankruptcy Court").

---

[1] Jointly Administered cases: *In re: Airway Air Charter, Inc.* Case No.: 24-16200-RAM and *Noble Jet Holdings, LLC* Case No.: 24-16202-RAM

2.      Concurrently on the Petition Date, Radlo commenced litigation against Noble in a case styled *Radlo Family 2021 Irrevocable Trust v. Noble Jet Holdings, LLC*, Case No: 502024 CA 005834XXXAMB in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.

3.      On July 15, 2024, Radlo filed a *Motion for (i) a Determination of the Application of 11 U.S.C. § 1110(a); or in the alternative (ii) for Relief from the Automatic Stay or Adequate Protection* (Doc. Nos. 46 and 47) (the "Motion") in the Bankruptcy Case.

4.      On July 22, 2024, the Court entered an *Order Setting Hearing and Filing Deadlines on Section 1110 Motion* (Doc. No. 67) in the Bankruptcy Case.

5.      To avoid the delay and expense associated with litigation between the parties concerning, among other things, the Motion and the Debtors' Joint Plan of Reorganization, the Parties have negotiated a global settlement as described herein.

## **MATERIAL TERMS OF THE SETTLEMENT AGREEMENT**

6.      As a result of the good-faith, arms-length negotiations, the Parties have reached a compromise and settlement, the approval of which will avoid substantial litigation costs and will facilitate the Debtors' reorganization effort. For convenience, a general summary of the terms of the compromise are set forth herein, but reference should be made to the form of the Agreement for the actual terms of the proposed settlement.[2] The compromise on the terms set forth in the Agreement meets all applicable legal standards and is well within the appropriate range of reasonableness.

7.      The salient provisions of the Agreement (in summary form) are as follows:

(a)      **Allowed Secured Claim**. Radlo shall retain an allowed secured claim of $1,944,839.37 subject to reduction for all adequate protection payments made by the Debtors pursuant to the Compromise and Court order.

---

[2] The provisions below are merely a summary of the Compromise. If any discrepancy exists between this summary and the Agreement, the terms in the Agreement, a copy of which is attached hereto as **Exhibit "A"**, shall control.

(b)    **Sale of Aircraft**. Sale of Noble's aircraft (a Cessna Citation Excel 560XL-5246 – the "Aircraft") by no later than December 13, 2024 with a list price of no less than $2,150,000.00 with each of the Parties retaining their own brokers for purposes of facilitating the sale. (during the sale period, Debtors retain the right to use the Aircraft for ongoing operations).

(c)    **Aircraft Auction**. In the event the Aircraft does not sell, the Aircraft will be sold via auction with Radlo retaining credit bid rights.

(d)    **Post-Auction Transfer of Aircraft**. If the Aircraft does not sell via auction or otherwise, the Aircraft will be surrendered to Radlo as the indubitable equivalent of its Allowed Secured Claim. If the Aircraft is sold within 90 days of turnover, Noble's estate shall receive up to $250,000.00 from the sale after certain costs incurred by Radlo are satisfied.

(e)    **Refinancing of Aircraft**. The Debtors may elect to obtain takeout financing for the Aircraft and will be entitled to satisfy the Allowed Secured Claim as follows: (i) $1,650,000.00 if paid in full within 30 days of the Compromise Effective Date; (ii) 1,700,000.00 if paid in full within 60 days of the Compromise Effective Date; (iii) $1,800,000.00 if paid in full within 90 days of the Compromise Effective Date; and (iv) $1,900,000.00 if paid in full within 120 days of the Compromise Effective Date.

(f)    **Extension of 11 U.S.C. § 1110 Deadlines**. The Parties agree to the extension of the 11 U.S.C. § 1110 deadlines to accommodate the sale and auction periods.

(g)    **The Debtors' Plan**. Debtors shall file their Joint Plan of Reorganization by August 15, 2024 which will incorporate the terms of the Compromise and Radlo agrees to submit a vote in favor of such plan.

## BASIS FOR RELIEF REQUESTED

### *The Agreement Satisfies the Justice Oaks Factors*

8.      Through this motion, the Debtors request that this Court enter an Order approving the Agreement to permit the amicable resolution of claims and to facilitate their reorganization effort for the benefit of their respective estates. "It is generally recognized that the law favors compromise of disputes over litigation for litigation sake." *In re Bicoastal Corp*., 164 B.R. 1009, 1016 (Bankr. M.D. Fla. 1993). As a matter of policy, compromises and settlements are favored in order to minimize litigation and expedite the administration of the bankruptcy estate. *Munford v. Munford (In re Munford, Inc.)*, 97 F.3d 449, 455 (11th Cir. 1996).

9.      When considering settlements for approval under Bankruptcy Rule 9019, the bankruptcy court is to determine whether the proposed compromise is "fair, equitable, reasonable, and in the interests of the debtor's estate." *In re Micron Devices, LLC*, 2021 WL 2021468, *8 (Bankr. S.D. Fla., May 20, 2021). The Eleventh Circuit Court of Appeals has set forth factors to assist bankruptcy courts in determining whether a settlement proposal meets the appropriate standard. *In re Air Safety Int'l, L.C*., 336 B.R. 843, 852 (S.D. Fla. 2005). These factors are as follows: (i) the probability of success in the litigation; (ii) the difficulties, if any, to be encountered in the matter of collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (iv) paramount interests of creditors and proper deference to their reasonable views. *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd*.), 898 F.2d 1544 (11th Cir. 1990).

10.     It is not necessary for a bankruptcy court to explicity consider all four *Justice Oaks* factors when approving a proposed settlement. *Chira v. Saal, et al*. (*In re Chira*), 567 F.3d 1307, 1313 (11th Cir. 2009) (affirming bankruptcy court's approval of settlement agreement where bankruptcy court explicitly evaluated only two of the four Justice Oaks Factors.) Also, a bankruptcy court is not obligated to actually rule on the merits of the various claims or conduct a "mini trial" on the merits of the underlying action. *In re Van Diepen, P.A*., 236 F. Appx. 498, 503 (11th Cir. 2007) see also, *In re Soderstrom*, 477 B.R. 249, 252 (Bankr. M.D. Fla. 2012). Rather, settlements or

4

compromises should be approved unless they "fall below the lowest point in the range of reasonableness." *In re Bicoastal Corp.*, 164 B.R. at 1016.

11.     The Debtors submit that the Agreement overwhelmingly satisfies the *Justice Oaks* factors. The Agreement is the product of arms-length settlement discussions and negotiations between the Parties. The Debtors submit that the Agreement is the direct result of the exercise of their business judgment and is in the best interests of their respective estates when considering the uncertainties, significant expense, and potential delay involved in resolving the various issues between them.  As such, the Debtors believe that the compromise set forth in the Agreement is reasonable and falls well above the lowest point on the range of reasonableness as required by Rule 9019(a) of the Federal Rules of Bankruptcy Procedure and applicable case law. *See Id.* at 1016 (quoting *In re W.T. Garant Co.*, 699 F.2d 599 (2d Cir. 1983). The Debtors' analysis of the applicable *Justice Oaks* factors is set forth in further detail below.

12.     ***The Probability of Success in the Litigation***. The first *Justice Oaks* factor reflects the Supreme Court's view that a court should form an "intelligent and objective opinion" of the probability of success in the underlying litigation and inherent costs in such litigation. *Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968). In fact, some courts have identified this factor as most important in determining the reasonableness of a settlement under Bankruptcy Rule 9019(a). *In re Adelphia*, 327 B.R. 143, 160 (Bankr. S.D.N.Y. 2005) (This factor. . . is in my view the most important factor, and I weigh it accordingly.").

13.     In analyzing this factor, the Debtors have considered the potential results which could be obtained with respect to continued litigation with Radlo on issues concerning the application of 11 U.S.C. § 1110 and their plan of reorganization. All things considered, Debtors have considered the probability of success and potential costs associated with the continued litigation and believe that the net benefits and opportunities to their estates from the Compromise are less costly and better than the results which can be obtained through continued litigation. The Debtors believe that their

analysis of the probability of success and attendant costs of litigation under the first *Justice Oaks* factors supports a finding that the Agreement is fair and equitable and well above the lowest point on the range of reasonableness.

14.      ***The Difficulties of Collection***. With respect to the difficulties of collection, Debtors submit the second *Justice Oaks* factor weighs neither in favor of, nor against, a finding that the Agreement is fair and equitable as issues concerning collection are not squarely applicable in this case; however, to the extent compliance with the Compromise becomes an issue, the Parties retain their respective rights to seek enforcement of the Agreement under the default provisions provided therein or otherwise.

15.      ***The Complexity of Litigation***.  In evaluating the reasonableness of a settlement, a court should "form an educated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise. *TMT Trailer*, 390 U.S. at 424.

16.      Here, issues between the Parties concerning the application of 11 U.S.C. § 1110 were complex enough to require a final hearing, the conclusion of which would likely not resolve core confirmation issues the Debtors would still have to address. The proposed settlement bypasses the possibility of contentious and costly litigation and resolves all issues between the Parties immediately without any substantial fees or costs incurred by the Debtors and places the Debtors in a position to successful facilitate their reorganization efforts.  Consequently, Debtors submit that this factor also weighs in favor of approving the Agreement.

17.      ***The Interests of the Creditors***. In considering the paramount interest of the creditors, the Debtors necessarily weighed all of the *Justice Oaks* factors.  In this case, the Agreement provides an immediate resolution and reduction of potential issues which could be raised without the need to assume the costs or risks of litigation. Thus, after considering all the attending factors, Debtors

believe the proposed settlement is reasonable and in the best interests of their respective estate and creditors.

*Conclusion*

18.    In light of the above, Debtors submit that the Agreement not only surpasses the minimum threshold of reasonableness necessary to warrant approval, but it represents the best possible outcome for the Debtors, their estates, and all creditors.

**WHEREFORE**, the Debtors respectfully request that the Court enter an order approving the proposed settlement effective as of August 15, 2024, authorizing the Parties to consummate the settlement pursuant to the terms of the Agreement, and granting such other and further relief as the Court deems just and proper.

**RESPECTFULLY SUBMITTED** this 9th day of August, 2024.

/s/ Daniel A. Velasquez
Daniel A. Velasquez, Esq.
Florida Bar No. 0098158
dvelasquez@lathamluna.com
**Latham, Luna, Eden & Beaudine, LLP**
201 S. Orange Avenue, Suite 1400
Orlando, Florida 32801
Telephone: 407-481-5800;
Facsimile:  407-481-5801
*Attorneys for Airway Air Charter, Inc. and Noble Jet Holdings, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flmb.uscourts.gov**

In re:                                                           CASE NO.: 24-16200-RAM

**AIRWAY AIR CHARTER, INC.,**                                    CHAPTER 11
                                                                 *Subchapter V Election*

    **Debtor.**

                                                        *Jointly Administered*

                                                  /

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that a true copy of the foregoing **EXPEDITED MOTION TO APPROVE COMPROMISE OF CONTROVERSY EFFECTIVE AS OF AUGUST 15, 2024 PURSUANT TO BANKRUPTCY RULE 9019,** together with all exhibits, has been furnished either electronically or by facsimile and by U.S. First Class, postage prepaid mail to: **Airway Air Charter, Inc. and Noble Jet Holdings, LLC, c/o Jonathan Jackson**, 14950 NW 44th Court, Suite 16, Opa Locka, Florida 33054; all parties entitled to receive CM/ECF noticing; all parties identified on the attached mailing matrix; Radlo Family 2021 Irrevocable Trust, c/o Morgan Edelboim, 2875 NE 191st Avenue, PH1, Aventura, Florida 33180, morgan@elrolaw.com; the **Subchapter V Trustee, Tarek Kiem**, P.O. Box 541325, Greenacres, Florida 33454; and the **Office of the U.S. Trustee, c/o Steven D. Schneiderman**, 51 SW 1st Avenue, Suite 1204, Miami, Florida 33130; this 9th day of August, 2024.

                                           /s/ Daniel A. Velasquez
                                           Daniel A. Velasquez, Esq.

Label Matrix for local noticing
113C-1
Case 24-16200-RAM
Southern District of Florida
Miami
Fri Aug  9 11:51:40 EDT 2024

ARR, LLC
c/o Edelboim Lieberman PLLC
2875 NE 191st Street
Penthouse One
Miami, FL 33180-2801

Airway Air Charter, Inc.
14950 NW 44th Court
Suite 16
Opa Locka, FL 33054-2370

Microcomputer Resources, INC.
Lubliner Law PLLC
1645 Palm Beach Lakes Blvd. Suite 1200
West Palm Beach, FL 33401-2214

Noble Jet Holdings, LLC
14950 NW 44th Court
Suite 16
Opa Locka, FL 33054-2370

Radlo Family 2021 Irrevocable Trust
c/o Edelboim Lieberman PLLC
2875 NE 191st Street
Penthouse One
Miami, FL 33180-2801

Signature Bank of Georgia
c/o Doroteya N Wozniak, Esq
2827 Peachtree Road NE #300
Atlanta, GA 30305

TD Bank, N.A.
TD Bank, N.A.
c/o John M. Brennan, Jr., Esq.
301 E. Pine St., Ste. 1400
Orlando, FL 32801-2741

Aerotek Aviation
P.O. BOX 198531
Atlanta, GA 30384-8531

Aerotek, Inc.
7301 Parkway Drive
Hanover, MD 21076-1108

Aircraft Spruce & Specialty Co.
PO Box 4000
225 Airport Circle
Corona, CA 92878-5027

Airway Air Charter, Inc.
14950 NW 44th Ct.
Suite 16
Opa Locka, Florida 33054-2370

American Express
PO Box 981535
El Paso, TX 79998-1535

American Express National Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern  PA 19355-0701

Atlantic Aviation OPF
PO Box 930645
Atlanta, GA 31193-0645

Atlantic Aviation-Opa Locka LLC
1500 NW 44th Ave.
Opa Locka, Florida 33054

Becker Boards Small, L.L.C
4234 E Indian School Rd
Phoenix, AZ 85018-5300

Boeing Distribution, Inc.
PO Box 619048
Dallas, TX 75261-9048

Boom Funded LLC
6501 Congress Ave.
Suite 140
Boca Raton, FL 33487-2840

CAMP Systems International Inc.
Dept. CH 19788
Palatine, IL 60055-0001

Copier Depot Inc.
8151 NW 60th Street
Miami, Florida 33166-3414

Corporation Service Company
P.O. Box 2576
Springfield, IL 62708-2576

Engine Management Specialist LLC
2529 Old Davisson Run Rd
Clarksburg, WV 26301-7271

FAVO Capital, Inc.
1025 Old Country Rd.
Suite 421E
Westbury, NY 11590-5645

Fireside Partners
60 Starlifter Ave
Suite 101
Dover, DE 19901-9220

Florida Deparment of Revenue
5050 W Tennessee St
Tallahassee, FL 32399-0100

Florida Department of Revenue
Fred Rudzik, Esquire
Post Office Box 6668
Tallahassee, Florida 32314-6668

Honeywell International, Inc.
1944 E. Sky Harbor Circle
Phoenix, Arizona 85034-3442

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

International Corp.& Cargo Serv.
Av. Santa Fe  505 Piso
Col.Cruz Manca Santa Fe 05349, Mexico DF

JPMorgan Chase Bank, N.A.
s/b/m/t Chase Bank USA, N.A.
c/o Robertson, Anschutz, Schneid,
Crane & Partners, PLLC
6409 Congress Avenue, Suite 100
Boca Raton, FL 33487-2853

Matt Gunter & Priscilla Gunter
c/o DBR Law, P.A.
1900 Glades Rd.
Suite 270
Boca Raton, Florida 33431-8549

Microcomputer Resources, Inc.
c/o DBR Law, P.A.
1900 Glades Road
Suite 270
Boca Raton, Florida 33431-8549

Newcastle Aviation LLC
16381 Domestic Ave Suite 100
Fort Myers, FL 33912-6009

Newcastle Aviation Partners, LLC
16381 Domestic Ave
Suite 100
16381 Domestic Ave
Fort Myers, FL 33912-6009

Noble Jet Holdings, LLC
14950 NW 44th Ct.
Suite 16
Opa Locka, Florida 33054-2370

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130-1614

Pratt & Whitney Canada Corp.
1000 Marie Victorin
Longueuil Quebec, J4G1A1

Pratt & Whitney Canada Corp.
1000 Marie-Victorin Longueuil
Quebec, Canad J4G 1A1

Proserv Aviation Inc.
10551 S Oakview Pkwy
Suite 400
Oak Creek, WI 53154-5630

Richard C. Murphy, III and Kathleen T. Murph
c/o Berger Singerman LLP
1450 Brickell Ave.
Suite 1900
Miami, Florida 33131-3453

Rusenko CPA, PC
3060 Peachtree Rd
Suite 1210
Atlanta, GA 30305-2256

Sarasota Avionics & Maintenance
120 Airport Ave.
Venice, FL 34285-3921

Signature Bank of Georgia
c/o Patricia A. Redmond, Esq.
150 West Flagler Street
Miami, Florida 33130-1536

TD Bank
255 Alhambra Circle
12th Floor
Miami, FL 33134-7403

TD Bank, N.A.
c/o Jack Brennan
301 East Pine Street, Suite 1400
Orlando, FL 32801-2741

TD Bank, N.A.
c/o Jack Brennan, Esq.
301 E. Pine Street, Suite 1400
Orlando, FL 32801-2741

TD Bank, N.A.
c/o Jack Brennan, Esq.
301 East Pine Street, Suite 1400
Orlando, FL 32801-2741

(p)TFORCE FREIGHT
ATTN ANTHONY SCHRUNK
PO BOX 1216
RICHMOND VA 23218-1216

Textron Aviation ProPart
One Cessna Blvd
Wichita, KS 67215-1400

Titan Aviation Fuels
US Bank Multi Service Aviation
PO Box 952656
Saint Louis, MO 63195-2656

U.S. Small Business Admin
CESC-COVID EIDL Service Center
14925 Kingsport Rd
Fort Worth, TX 76155-2243

U.S. Small Business Administration
2 International Plaza Suite 500
TN
Nashville, TN 37217-2021

US Small Busines Admin.
CESC-COVID EIDL Service Center
14925 Kingsport Rd
Fort Worth, TX 76155-2243

Venture Air Solutions, Inc.
14950 NW 44th Ct.
Suite 16
Opa Locka, Florida 33054-2370

Daniel A Velasquez
Latham, Luna, Eden & Beaudine, LLP
201 S. Orange Ave., Ste 1400
Orlando, FL 32801-3483

MATT GUNTER
Critton Luttier and Coleman
303 Banyan Blvd
west Palm Beach

Paul Fountas
Lubliner Law PLLC
1645 Palm Beach Lakes Blvd. Suite 1200
West Palm Beach, FL 33401-2214

Richard C. Murphy
4931 Haverhill Comm Cir #16
West Palm Beach, FL 33417-5981

Tarek Kirk Kiem
PO Box 541325
Greenacres, FL 33454-1325

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


Internal Revenue Service                    TForce Freight
Ogden, UT 84201                             1000 SEMMES AVENUE
                                            PO Box 1216
                                            Richmond, VA 23218




The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)Miami                            (d)FAVO Capital, Inc.                    (u)Kathleen T. Murphy
                                    1025 Old Country Road
                                    Suite 421E
                                    Westbury, NY 11590-5645


End of Label Matrix
Mailable recipients     59
Bypassed recipients      3
Total                   62

# **EXHIBIT "A"**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

                                      CASE NO. 24-16200-RAM

AIRWAY AIR CHAPTER, INC., et al.,        CHAPTER 11

      Debtor.                            Jointly Administered

_____/

**STIPULATION FOR COMPROMISE AND SETTLEMENT BETWEEN THE
DEBTORS, AIRWAY AIR CHARTER, INC. AND NOBLE JET HOLDINGS, LLC
<u>AND RADLO FAMILY 2021 IRREVOCABLE TRUST</u>**

The Debtors, Airway Air Charter, Inc. ("AAC") and Noble Jet Holdings, LLC ("Noble" and together with AAC, the "Debtors") and the Radlo Family 2021 Irrevocable Trust (the "Radlo Trust" together with the Debtors shall be referred to as the "Parties" and individually each a "Party") enter into this Stipulation for Compromise and Settlement (the "Stipulation"), and agree as follows:

### I. <u>Recitals</u>

1.      On June 21, 2024, the Debtors filed voluntary petitions for relief (the "Voluntary Petitions") under Chapter 11of Title 11 of the United States Code, 11 U.S.C. § 101 *et seq*. (the "Bankruptcy Code") commencing the above captioned Chapter 11 cases (the "Bankruptcy Cases").

2.      On June 24, 2024, the Court entered an *Order Jointly Administering Chapter 11 Cases* [ECF No. 10] which provided for the joint administration of the bankruptcy estates of the Debtors.

3.      On that same date, the Debtors filed their *Joint Chapter 11 Case Management Summary* [ECF No. 10] (the "Case Management Summary").

1

4.      According to the Case Management Summary, ACC is in the business of operating an air charter company and maintenance facility.

5.      According to the Case Management Summary, Noble owns a Cessna Citation Excel 560XL-5246 (the "Aircraft").

6.      The Case Management Summary states that the Aircraft is leased to ACC for a monthly fee of $7,000.00.

7.      AAC has a part 135 FAA Certification and is permitted to operate chartered passenger flights.

8.      On December 21, 2021, the Radlo Trust loaned $2,200,000.00 to Noble for the acquisition of the Aircraft.

9.      The loan was evidenced by a promissory note signed by Jonathan Jackson ("Jackson") in his capacity as the Manager and President of Noble dated December 21, 2021 (the "Note").

10.     The Radlo Trust is owed the principal balance of $1,944,839.35 pursuant to the terms of the Note.

11.     Pursuant to the terms of the Note, Noble pledged a security interest in, among other things, the Aircraft and all proceeds of the Aircraft to the Radlo Trust as collateral for the payment and performance of all obligations and liabilities of Noble under the Note (the "Security Agreement").

12.     The Radlo Trust perfected its security interest in the Aircraft by filing and recording an Aircraft Security Agreement with the Federal Aviation Administration on January 18, 2022.

13.     The Radlo Trust alleges that on May 1, 2024, Noble defaulted on the terms of the Note by failing to pay the installment of $27,154.56 due under the Note.

14.     Thereafter, on June 21, 2024, the Radlo Trust commenced litigation against Noble in a case styled *Radlo Family 2021 Irrevocable Trust v. Noble Jet Holdings, LLC*, Case No. 502024 CA 005834XXXAMB in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.

15.     On that same date, the Debtors filed their Voluntary Petitions commencing the Bankruptcy Cases.

16.     On July 15, 2024, the Radlo Trust filed a *Motion for (I)) A Determination of the Application of 11 U.S.C. § 1110(a); or (II) In the Alternative for Relief from the Automatic Stay or Adequate Protection* [ECF No. 46 and 47] (the "Motion").

17.     On July 22, 2024, the Court entered an *Order Setting Hearing and Filing Deadlines on Section 1110 Motion* [ECF No. 67].

18.     To avoid the cost and expense associated with litigation between the parties concerning, among other things, the Motion, the Bankruptcy Cases, the Security Agreement and the Note, the Debtors plan of reorganization, and the Aircraft, the Parties have agreed to a global settlement as set forth herein.

## II. <u>The Settlement</u>

19.     The Recitals set forth above are true, correct and accurate and a material part of this Stipulation.

20.     **<u>Bankruptcy Court Approval</u>**. The terms of this Stipulation are subject to the approval of the Bankruptcy Court and the entry of a final order not subject to appeal in the Bankruptcy Case or, if any appeal is taken, resolution of such appeal in favor of the Debtors (the "<u>Approval Order</u>"). Within two (2) days of the execution of this Stipulation, the Debtors shall seek approval of this Stipulation pursuant to Fed. R. Bankr. P. 9019 (the "<u>9019 Motion</u>").  The Motion shall request approval of the Stipulation **<u>effective as of August 15, 2024</u>** (the "Compromise

Effective Date"). The 9019 Motion shall include a proposed agreed order that is mutually agreeable between the parties.  In the event the Approval Order is not entered or the 9019 Motion is not granted, the Parties shall be returned to their pre-settlement positions without prejudice of any kind.

21.    **Allowed Secured Claim**. Upon the entry of the Approval Order by the Bankruptcy Court approving this Stipulation, the Radlo Trust shall have an allowed secured claim of $1,944,839.37 subject to reduction in accordance with the amortization schedule attached to the Note for all of the payments made by the Debtors (the "Allowed Secured Claim").  The Allowed Secured Claim is secured by a first priority security interest in the Aircraft. The payment received by Radlo on July 31, 2024, shall be applied in accordance with this Stipulation.

22.    **The Radlo Motion**. This Stipulation is expressly conditioned upon the entry of an Order granting in part Radlo Trust's *Motion for (I) A Determination of the Application of 11 U.S.C. § 1110(a); or (II) In the Alternative for Relief from the Automatic Stay or Adequate Protection* subject to the terms and conditions of the Stipulation and without a factual or legal determination regarding the applicability of *11 U.S.C. § 1110(a)*.

23.    **Adequate Protection Payments**. The Debtors shall pay or cause the payment of $13,577.28 by the first and 15th of every month ($27,154 every month) commencing on or before August 1, 2024, with payments applied to loan balance (both principal and interest). Payments under this paragraph number 23 end upon dismissal, conversion or the sale of the Aircraft. The monthly payments required under this paragraph shall be applied towards principal and interest in accordance with the amortization schedule attached to the Note. For the avoidance of doubt, the August 1, 2024, payment which was received by Radlo on July 31, 2024) shall be applied to the May 2024 Note payment which the Debtors did not pay prior to the Petition Date. The next

4

payments shall be applied to June 2024 note payment. Each of the monthly payments thereafter shall be applied to the next month on the amortization schedule.

24.     **Payment Default**. If case is dismissed or in default of payment **after 72 hour written notice and failure to cure,** Radlo Trust may repossess the Aircraft **without further court order or relief from the automatic stay pursuant to 11 U.S.C. § 362.**   Notice of default under this paragraph shall be provided to counsel for the Debtors to Daniel Velazquez, Esq. via email to: dvelasquez@lathamluna.com**.**

25.     **Sale of the Aircraft**.  The Aircraft shall be sold pursuant to Section 363 of the Bankruptcy Code by no later than December 13, 2024 (the "Sale Period") with Radlo Trust and Noble retaining their own broker/appraiser for purposes of facilitating the Aircraft's sale (each party to exchange listing for approval) with a list price of no less than $2,150,000.00 (the "List Price") with discretion exercised as to disclosure of Chapter 11.  The Aircraft shall be listed for sale by no later than August 22, 2024.  Upon the listing of the Aircraft, the Parties will share all buyer contacts and offers brought under consideration on a bi-monthly basis on the first day and the fifteenth day of each month.  All prospective purchasers shall tender no less than a 5% earnest money deposit at the time of the contract to be held in escrow unless the Parties specifically authorize a smaller deposit.

26.     **Extension of Closing Period**. If the Debtors are under contract for the sale of the Aircraft prior to end of Sale Period, the Debtors shall be entitled to complete the transaction with all applicable deadlines extended to accommodate such, provided that such closing occurs within 45 days (the "Extended Closing Period"). Any prospective purchaser that wishes to close such transaction beyond the Extended Closing Period shall forfeit their earnest money deposit and pay an extension fee of $25,000 for every additional 10-day extension of the Extended Closing Period

if the basis for delay was within the prospective purchaser's control. The inability to secure timely financing or obtain legal authority to close on the transaction shall be considered within the purchaser's control.  All earnest money deposits forfeited or lost by a prospective purchaser and all extension fees shall be paid to the Radlo Trust and shall reduce the Allowed Secured Claim.

27.    **Satisfaction of the Allowed Secured Claim**. Upon the sale of the Aircraft, the Radlo Trust shall be paid the full amount of its Allowed Secured Claim from the sale, unless Radlo Trust grants the Debtors authority sell the Aircraft for an amount less than its Allowed Secured Claim.

28.    **Inspection of the Aircraft**.  The Aircraft shall be made available for inspection by the Debtors during Sale Period on 72-hour notice by the Radlo Trust, provided that such request does not interfere with operations.  The Debtors shall provide dates, times and the location of availability within 24 hours of request by the Radlo Trust. However, Debtors shall make the Aircraft available for inspection by prospective purchasers within twenty-four 24 hours' notice provided such inspection does not interfere with operations or require relocation of the Aircraft at the Debtors' cost.

29.    **Aircraft Auction**. In the event the Aircraft does not sell within the Sale Period, the Aircraft will be sold via auction within 45 days of the conclusion of the Sale Period (the "Auction Period"). The Radlo Trust shall have the right to credit bid for the full amount of its secured claim at any auction of the Aircraft that is conducted. The auctioneer shall be selected and bid procedures shall be established upon the earlier of: (a) 30 days prior to the first date set for confirmation of Debtors plan; or (b) 60 days prior to the end of the Sale Period. All bid procedures for the auction shall be established with the consent of the Radlo Trust which consent shall not be unreasonably withheld.  The Debtors' failure to cooperate with the Radlo Trust with respect to the compilation

of suitable bid procedures shall be a default of this Stipulation. In the event of a conflict concerning the bid procedures, the parties will submit the conflict to the Bankruptcy Court for resolution.

30.    **Maintenance of Aircraft**. During the pendency of the Bankruptcy Cases, the Sale Period, and the Auction, the Debtors shall maintain the Aircraft in airworthy condition in accordance with part 135 certificate and manufacturers guidelines.  Failure to comply with the terms of this provision shall be a default of this Stipulation.

31.    **Post-Auction Transfer of Aircraft to Radlo Trust**. If the Aircraft does not sell during the Auction Period or if Radlo Trust is the successful bidder, the Aircraft is surrendered or transferred to the Radlo Trust shall be transferred as the indubitable equivalent of its Allowed Secured Claim.  If the Aircraft is sold within 90 days of surrender or transfer for more than the Allowed Secured Claim, plus all of the Radlo Trust's cost of storage/parking, maintenance costs, broker fees, advertising expenses, marketing fees, closing costs, repair costs and insurance (the "Radlo Sale Expenses"), Noble's estate shall be entitled to receive up to $250,000.00 after payment in full of the Allowed Secured Claim and the Radlo Sale Expenses (which costs shall be disclosed to Noble) at closing which will be distributed in accordance with the Debtors' Joint Subchapter V Plan of Reorganization (the "Plan"). Under no circumstances shall Chapter 11 attorney fees and pre-petition or post-petition interest charges included as a Radlo Sale Expenses.

32.    **Refinancing of Aircraft**. The Debtors may elect to obtain takeout refinancing for the Aircraft during the Sale Period and the Auction Period. In the event of approval of any stalking horse bidder which requires a break up fee, the Debtors shall be responsible for paying such breakup fee. If the Debtors successfully and timely close on such refinancing transaction, the Allowed Secured Claim of the Radlo Trust shall be as follows: (a)  $1,650,000.00 if paid in full to the Radlo Trust within 30 days of the Compromise Effective Date, (b) $1,700,000.00 if paid in full

7

to the Radlo Trust within 60 days of the Compromise Effective Date, (c) $1,800,000.00 if paid in full to the Radlo Trust within 90 days of the Compromise Effective Date, and (d) $1,900,000.00 if paid in full to the Radlo Trust within 120 days of the Compromise Effective Date. Thereafter, the payoff shall be the full amount of the Allowed Secured Claim unless otherwise approved by Radlo Trust.

33.    **Extension of 11 U.S.C. § 1110**.  The Parties agree to the extension of the 11 U.S.C. § 1110 deadlines to accommodate the Sale Period and Auction Period, provided however, in the event that the Debtors cure any pre-petition defaults or post-petition defaults at any time hereafter, it shall in no way relieve the Debtors of their obligations under the terms of the Stipulation or Plan.

34.    **The Debtors' Plan**. The Debtors shall file the Plan by August 15, 2024, which shall incorporate the terms of this Stipulation in its entirety. The Radlo Trust agrees to vote in favor of and otherwise not object to the Plan.  The Debtors shall utilize the benefits of 11 U.S.C. §1146 to the extent possible.

35.    **General Release by Debtors of the Radlo Trust**.   In consideration for the Settlement herein outlined and the covenants contained in this Stipulation, and only upon the entry of the Approval Order, the Debtors on behalf of themselves, the bankruptcy estate and their officers, directors, members, shareholders, partners, managers, affiliates, successors, predecessors, assigns, agents, lawyers, representatives, insiders, accountants, and employees, hereby forever release and forever discharge the Radlo Trust and any and all of its trustees, beneficiaries, officers, directors, members, shareholders, partners, managers, affiliates, successors, predecessors, assigns, agents, lawyers, representatives, insiders, accountants, and employees, both past and present (the "Radlo Released Parties") of or from any and all claims, counterclaims, avoidance actions, including those under 11 U.S.C. §§ 541, 542, 543, 544, 545, 546, 547, 548, 549, and 550, demands,

damages, debts, agreements, covenants, suits, contracts, obligations, liabilities, accounts, offsets, rights, actions and causes of action, including without limitation for contribution and indemnity, including the obligation to respond to any pending discovery in the Bankruptcy Case, whether arising at law or equity, including without limitation, claims arising from, or related to any act, omission, communication, transaction, occurrence, representation, misrepresentation, deceit, statement, promise, damage, breach of contract, fraud, commission of any tort, violation of any state or federal law, whether presently accrued or to accrue hereafter, whether absolute or contingent, foreseen or unforeseen, and whether asserted or unasserted, or any other matter whatsoever or things done, omitted or suffered to be done by the Radlo Trust Released Parties. Nothing herein shall release Radlo Trust from any of its obligations under the terms of this Stipulation.

36.    **General Release by the Radlo Trust of the Debtors**. In consideration for the Settlement herein outlined and the covenants contained in this Stipulation, and only upon the entry of the Approval Order, the Radlo Trust on behalf of itself and its officers, directors, members, shareholders, partners, managers, affiliates, successors, predecessors, assigns, agents, lawyers, representatives, insiders, accountants, and employees, hereby forever releases and forever discharges the Debtors and any and all of its officers, directors, members, shareholders, partners, managers, affiliates, successors, predecessors, assigns, agents, lawyers, representatives, insiders, accountants, and employees, both past and present (the "Debtor Released Parties") of or from any and all claims, counterclaims, avoidance actions, including those under 11 U.S.C. §§ 541, 542, 543, 544, 545, 546, 547, 548, 549, and 550, demands, damages, debts, agreements, covenants, suits, contracts, obligations, liabilities, accounts, offsets, rights, actions and causes of action, including without limitation for contribution and indemnity, including the obligation to respond to

any pending discovery in the Bankruptcy Case, whether arising at law or equity, including without limitation, claims arising from, or related to any act, omission, communication, transaction, occurrence, representation, misrepresentation, deceit, statement, promise, damage, breach of contract, fraud, commission of any tort, violation of any state or federal law, whether presently accrued or to accrue hereafter, whether absolute or contingent, foreseen or unforeseen, and whether asserted or unasserted, or any other matter whatsoever or things done, omitted or suffered to be done by the Debtor Released Parties.  Nothing herein shall release the Debtor Released Parties of their obligations pursuant to the terms of this Stipulation, including without limitation, the obligation to satisfy the Allowed Secured Claim in accordance with the terms hereof.

37.    **Attorneys' Fees and Costs**. The Parties shall bear their own respective attorneys' fees, costs and expenses incurred in connection with the Bankruptcy Case, including, but not limited to, the costs incurred in connection with the negotiation and preparation of this Stipulation and those costs which may be incurred to facilitate compliance with the terms of this Stipulation. In the event of a default of the provisions hereof, the Party seeking to enforce this Stipulation shall be entitled to reasonable attorney's fees and costs for such enforcement, but only in the event that they are the prevailing party.

38.    **Right to Counsel**. Each Party acknowledges, represents, and warrants that (a) each Party hereto is of equal bargaining strength; (b) each Party had the opportunity to obtain the advice of independent counsel and is signing the Stipulation pursuant to the advice thereof; (c) each Party has actively participated in the drafting, preparation, and negotiation of this Stipulation and the Stipulation has been negotiated at arms-length by and among the Parties; (d) each Party has not relied upon the representations or advice of any other Party, or any attorney not his or its own; (e) each Party has reviewed this Stipulation, received a copy of it, and understands the legal

10

consequences of executing this Stipulation; (f) any rule of construction to the effect that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of this Stipulation or any portion hereof as each Party's counsel has cooperated in the drafting and preparation of this Stipulation.

39.    **Investigation of Facts/Unknown Facts**. Each Party represents and warrants that they have made such investigation of the facts pertaining to this Stipulation and all matters pertaining thereto as they deem necessary. The Parties acknowledge that they may hereafter discover facts different from, or in addition to, those which they now know or believe to be true with respect to these matters, and they agree that this Stipulation shall remain effective in all respects notwithstanding such different or additional facts or the discovery thereof.

40.    **Knowledge and Review of Stipulation**. The Parties warrant and represent that this Stipulation is executed voluntarily with full knowledge of the consequences and implications of their obligations contained herein, and that they have carefully and thoroughly reviewed this Stipulation in its entirety.

41.    **Validity of Stipulation**. The Parties warrant and represent that there is no action pending, contemplated, or threatened against or affecting any of the Parties that relates to or challenges the legality, validity, or enforceability of this Stipulation. Further, the Parties mutually represent and warrant that: (a) the execution of this Stipulation does not put either of the Parties in violation of any agreements to which they are a party; (b) they have the authorization necessary to enter into this Stipulation under applicable law; and (c) the Stipulation is duly executed and delivered by the Parties and constitutes a legal, valid, and binding obligation enforceable in accordance with the terms hereof.

42.    **Warrant of Authority**. The Parties represent and warrant that they have full power and authority to enter and perform this Stipulation and that all necessary action has been taken to authorize the execution of this Stipulation, such that the person executing this Stipulation on behalf of that Party has been properly authorized and empowered to bind that Party thereto.

43.    **Capacity.**    The Parties declare, covenant, and warrant that they or their representatives are over the age of eighteen (18) years, and that they are not suffering from any legal, mental, or physical disabilities which would impair or disable them from executing this Stipulation.

44.    **No Admission**. Neither this Stipulation nor any discussions or proceedings relating to the settlement of this dispute is to be considered, interpreted, or construed as an admission or acknowledgement by any Party of the liability or fault of any type on the part of any Party to this Stipulation. The Parties further acknowledge that this has been a contested matter, and that the settlement of this dispute has been reached by the Parties to avoid further substantial expense and inconvenience of continued litigation.

45.    **Governing Law**. This Stipulation shall be construed and interpreted in accordance with the laws of the State of Florida, both substantive and remedial. The terms of this Stipulation are subject to Bankruptcy Court approval in the Bankruptcy Case as may be required pursuant to the Bankruptcy Code and Rules. The Bankruptcy Court in the Bankruptcy Case shall retain sole and exclusive jurisdiction over the Parties hereto, including any and all released parties, the interpretation and enforcement and any disputes arising out of or relating to this Stipulation, and any and all orders, judgements, and/or decrees arising out of or relating thereto.

46.    **Enforcement**. Each party may enforce this Stipulation as a valid contract and may obtain any lawful remedy including injunctive relief to enforce the Stipulation. The Parties agree

that the Bankruptcy Court has personal jurisdiction over all of the Parties and shall retain sole and exclusive personal and subject matter jurisdiction to interpret, enforce and implement the terms of this Stipulation, and may enter all final orders and judgments relating to the same.

47.    **Severability**. If any part of this Stipulation is deemed to be invalid in any court of law, the remaining provisions of this Stipulation will thereby also be rendered invalid and of no effect and may not be enforced.

48.    **Modifications and Amendments**. No modification of this Stipulation shall be valid or enforceable unless said modification(s) is made in writing, the modification(s) is agreed upon by the Parties, and such stipulation results in mutual signatories to the modification(s), inclusive of a signed notary for every Party. The Stipulation may not be modified or amended by the oral representation or statement of any Party.

49.    **Headings and Construction**. The headings of paragraphs and subparagraphs herein are intended solely for the convenience of reference and shall not control the meaning or interpretations of any of the terms or provisions of this Stipulation. In giving meaning to this Stipulation, the singular shall be held to include the plural, and the plural shall be held to include the singular.

50.    **Counterparts and Signatures**. This Stipulation may be executed in any number of counterparts which, taken together, shall constitute one and the same stipulation, and facsimile or PDF signatures shall be deemed originals. This Stipulation shall be binding when one or more counterparts hereof, individually or taken together, shall bear the signatures of all the Parties reflected in this Stipulation.

51.    **Binding Effect**.  The provisions of this Stipulation shall be binding upon and inure to the benefit of the Parties, and each of them, their respective personal or legal representatives,

heirs, next-of-kin and guardians, natural and/or legal executors, administrators or assigns, and corporate successors-in-interest, subject only to entry of the Order. No other person or entity shall be entitled to any right or benefit hereunder including, without limitation, the status of a third-party beneficiary under this Stipulation.

52.     **Entire Stipulation**.  This Stipulation contains the entire stipulation of the Parties and supersedes all prior stipulations or negotiations pertaining to the subject matter of this Stipulation. No promises, inducements, or stipulations not contained herein or expressed or expressly incorporated by reference have been made. The terms of this Stipulation are intended to be contractual and not merely recitals. All prior negotiations, oral or written, are merged in this Stipulation.

53.     **Waiver of Breach**. The failure of any of the Parties hereto at any time to require performance by the other Party of any of the terms, provisions or conditions hereof, shall in no way affect the right thereafter to enforce same, nor shall the waiver of the Parties of any breach at any time of any of the terms, provisions, or conditions hereof be taken or held to be a waiver of any succeeding breach of any such term provisions, or conditions hereof.

54.     **Non-Waiver Provision**. The failure of either Party to insist in any one or more instances upon the strict performance of any one or more of the terms and provisions of this Stipulation shall not be construed as a waiver or a relinquishment for the future of any such term or provisions, and the same shall continue in full force and effect. No waiver or relinquishment shall be deemed to have been made by either Party unless in writing and signed by the Party against whom charged.

55.     **Best Efforts**. The Parties shall use their best efforts to obtain the approval of this Stipulation from the Bankruptcy Court on an expedited basis and shall seek to shorten notice so

Docusign Envelope ID: 421A25E7-DD3E-433B-9206-5FB595542F122

that the Approval Order will be entered with an effective date of August 15, 2024. Without limiting the foregoing, the Parties shall not take, or cause any persons or entities to take, any actions calculated or intended to decrease the likelihood of obtaining such approval.

56.    **Further Cooperation**. The Parties shall further cooperate with each other and execute any additional documents which are reasonable and necessary to achieve the settlement described herein.

NOBLE JET HOLDINGS, LLC

THE RADLO FAMILY 2021
IRREVOCABLE TRUST

By: _____
Name:
Title:
Date:

By: *Ronald Radlo, Trustee*
Name: Ronald Radlo, Trustee
Title:   Trustee
Date: 8/8/2024

AIRWAY AIR CHARTER, INC.

By: _____
Name:
Title:
Date:

15

the foregoing, the Parties shall not take, or cause any persons or entities to take, any actions calculated or intended to decrease the likelihood of obtaining such approval.

56. **Further Cooperation**. The Parties shall further cooperate with each other and execute any additional documents which are reasonable and necessary to achieve the settlement described herein.

NOBLE JET HOLDINGS, LLC

By: _____
Name: Jonathan Jackson
Title:
Date: 8/7/2024 | 8:48 AM PDT

AIRWAY AIR CHARTER, INC.

By: _____
Name:
Title: Jonathan Jackson
Date:

8/7/2024 | 8:48 AM PDT

THE RADLO FAMILY 2021
IRREVOCABLE TRUST

By: _____
Name:
Title:
Date:

15